UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALEXIS LICEA
and other similarly-situated individuals,

    Plaintiff (s),

v.

UNION SECURITY SAFETY, CORP,
JOSE A. VEGA CAMPOS and
REYNIER VEGA CONDE, individually,

    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ALEXIS LICEA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALEXIS LICEA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant UNION SECURITY SAFETY, CORP, (hereinafter UNION SECURITY, or Defendants) is a Florida corporation having its main place of business in Miami-Dade County, Florida. Defendants were and are engaged in interstate commerce.

4. The individual Defendants JOSE A. VEGA, and REYNIER VEGA CONDE were and are now owners/partners, and managers of UNION SECURITY. Defendants JOSE A. VEGA, and REYNIER VEGA CONDE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for Plaintiff's damages.

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who were not paid minimum wages, or/and worked in excess of forty (40) hours during one or more weeks on or after February 2018, (the "material time") without being compensated pursuant to the FLSA.

7. Corporate Defendants UNION SECURITY is a Florida corporation that provides security services to businesses, residential communities, supermarkets, etc.

8. Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE employed Plaintiff ALEXIS LICEA as a non-exempted, full time, hourly, security employee, approximately from February 2, 2018, to February 14, 2020 or 106 weeks.

9. During his time of employment with Defendants, Plaintiff was given the Form 1099-MISC to report his wages. Consequently, while employed by the Defendants the Plaintiff was misclassified as an independent contractor.

10. Nevertheless, at all times the Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff was a full-time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendants consistently more than 100 hours weekly for a period of more than 106 weeks; 3)Plaintiff depended exclusively on his employment with Defendants, and he did not have any other job during his 106 weeks of employment with Defendants; 4) Defendants had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his duties and tasks. Due to the nature of the business, Defendants closely monitored Plaintiff; 5) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 4) The work performed by Plaintiff was an integral part of the Defendants' business;  5) Plaintiff performed his work entirely at the Defendants' customers facilities, exclusively for Defendants' customers and used Defendants' equipment and supplies; 6) Plaintiff never used any discretion, he just followed pre-established procedures; 7) Plaintiff was required to wear company logo work uniform, and to paint his personal car with the company logo.

11. By reason of the foregoing, Plaintiff ALEXIS LICEA was an employee of UNION SECURITY, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply

with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

12. Plaintiff had duties as an armed security guard, the Plaintiff was a full-time hourly employee working more than 40 hours every week, and he was paid $11.00 an hour.

13. Plaintiff worked as a security guard at Presidente Supermarket locations, he reported every day directly to Presidente Supermarket locations according to his schedule. In a single day, he performed his duties at 2 different locations.

14. The Plaintiff worked 5 or 6 days per week, an average of 17 hours daily. Usually, Plaintiff worked from 6:00 AM to 11:00 PM (17 hours weekly). In weeks or 5 days, Plaintiff worked up to 85 hours weekly, and in weeks of 6 days, Plaintiff completed up to 102 working hours per week. The Plaintiff did not take any bonafide lunch periods.

15. While employed with Defendants Plaintiff and other similarly situated individuals in the asserted class regularly worked overtime hours (hours in excess of forty (forty) per workweek referred herein as "overtime hours") and were not paid overtime compensation at the rate of one-half of their regular rate of pay (the "overtime rate"), for all of the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit and pay for overtime hours actually worked, among other violations of the FLSA.

16. The Plaintiff and other similarly situated individuals were paid weekly with paystubs that did not reflect the real number of overtime hours worked.

17. Every week, Plaintiff was paid for a different number of hours, and every week he had missing payment for overtime hours, he was not paid for all his overtime hours.

18. Plaintiff is owed half-time overtime for hours in excess of 40, that were paid to him at his regular wage-rate, and he is owed time and one half his regular rate for a substantial number of hours that were not paid to him at any rate, not even the minimum wage rate.

19. In addition, as stated above, Plaintiff performed his duties at 2 different Presidente Supermarket locations in a single day, but Defendants failed to count the time spent traveling from job site to job site during the workday, as hours worked and part of his principal activity.

20. Plaintiff did not clock-in and out personally, because the manager of every Presidente Supermarket clocked in and out Plaintiff. As a result of this practice, the Plaintiff's timecard always was punched late, resulting in a minimum of 1 unpaid off-the-clock working hour per week.

21. Therefore, during the relevant period of time Defendants misclassified Plaintiff and willfully failed to pay him overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

22. The Plaintiff was paid weekly with checks without any paystub or record with information about days and hours worked, wage rate paid, employment taxes withheld etc.

23. In December 2019, Plaintiff complained to the owner of the business JOSE A. VEGA, Plaintiff was not in agreement with the number of hours, and with the missing overtime hours paid to him every week and he requested to be paid missing hours and overtime hours.

24. On or about February 5, 2020, the Plaintiff complained again to the owner of the business JOSE A. VEGA, as a result, Plaintiff was fired effective February 14, 2020.

25. The Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours, based on 53 weeks of 5 days with 85 working hours and 53 weeks of 6 days with 102 hours weekly. The Plaintiff is going to use an average of 80 hours paid weekly at the regular wage rate of $11.00 an hour. The Plaintiff will adjust his statement of claim after proper discovery.

26. Plaintiff ALEXIS LICEA seeks to recover regular wages, half-time overtime hours, retaliatory damages and any other relief as allowable by law.

27. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were misclassified and were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTSS</u>**

28. Plaintiff ALEXIS LICEA re-adopts every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. This cause of action is brought by Plaintiff ALEXIS LICEA as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February

2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants UNION SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendants was always in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

31. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

32. Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE employed Plaintiff ALEXIS LICEA as a non-exempted, full time, hourly, security employee, approximately from February 2, 2018, to February 14, 2020 or 106 weeks.

33. Plaintiff had duties as an armed security guard, the Plaintiff was a full-time hourly employee working more than 40 hours every week, and he was paid $11.00 an hour.

34. During his time of employment with Defendants, the Plaintiff was misclassified as an independent contractor. However, Plaintiff ALEXIS LICEA was an employee of UNION

SECURITY, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

35. The Plaintiff worked 5 or 6 days per week, an average of 17 hours daily. Usually, Plaintiff worked from 6:00 AM to 11:00 PM (17 hours weekly). In weeks or 5 days, Plaintiff worked up to 85 hours weekly, and in weeks of 6 days, Plaintiff completed up to 102 working hours per week. The Plaintiff did not take any bona fide lunch periods.

36. Every week, the Plaintiff was paid for a different number of hours, and every week he had missing payment for overtime hours. The Plaintiff was not paid for all his overtime hours.

37. Plaintiff is owed half-time overtime for hours in excess of 40, that were paid to him at his regular wage-rate, and he is owed time and one half his regular rate for a substantial number of hours that were not paid to him at any rate, not even the minimum wage rate.

38. In addition, Plaintiff performed his duties at 2 different Presidente Supermarket locations in a single day, but Defendants failed to count the time spent traveling from job site to job site during the workday, as hours worked and part of his principal activity.

39. Plaintiff did not clock-in and out personally, because the manager of every Presidente Supermarket clocked in and out Plaintiff. As a result of this practice, the Plaintiff's timecard always was punched late, resulting in a minimum of 1 unpaid off-the-clock working hour per week.

40. Therefore, during the relevant period of time Defendants misclassified Plaintiff and willfully failed to pay him overtime wages at the rate of time and one-half his regular rate

for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

41. The Plaintiff was paid weekly with checks without any paystub or record with information about days and hours worked, wage rate paid, employment taxes withheld etc.

42. The Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours, based on 53 weeks of 5 days with 85 working hours and 53 weeks of 6 days with 102 hours weekly. The Plaintiff is going to use an average of 80 hours paid weekly at the regular wage rate of $11.00 an hour. The Plaintiff will adjust his statement of claim after proper discovery.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

44. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

46. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. The total time of employment is 106 weeks. Plaintiff will deduct 4 weeks at the end of his employment in which he worked less than 80 hours

    a. <u>Total amount of alleged unpaid O/T wages</u>:

Forty-Four Thousand Five Hundred Ninety-Nine Dollars and 50/100 ($44,599.50)

b. <u>Calculation of such wages</u>:

Total Time of Employment: 106 weeks
Relevant weeks of employment: 126 weeks
Regular wage rate: $11.00 an hour x 1.5=$16.50
O/T rate: 16.50
Half-time rate: 5.50

**1.- Calculations O/T, for 53 weeks with 85 hours each**

Total number of relevant weeks: 53 weeks
Total number of hours worked: 85 hours weekly
Total number of O/T hours: 45 O/T hours
Total number of O/T hours: 40 O/T paid hours, paid at $11.00
Total number of unpaid O/T hours: 5 hours paid at $0.00

-O/T half-time rate $5.50 x 40 O/T hours=$220.00 weekly x 53 weeks=$11,660.00

-O/T rate $16.50 x 5 O/T hours= $82.50 x 53 weeks=$4,372.50

**2.- Calculations O/T, for 49 weeks with 102 hours each**

Total number of relevant weeks: 49 weeks
Total number of hours worked: 102 hours weekly
Total number of O/T hours: 62 O/T hours
Total number of O/T hours: 40 O/T paid hours, paid at $11.00
Total number of unpaid O/T hours: 22 hours paid at $0.00

-O/T half-time rate $5.50 x 40 O/T hours=$220.00 weekly x 49 weeks=$10,780.00

-O/T rate $16.50 x 22 O/T hours= $363.00 x 53 weeks=$17,787.00

Total Overtime #1 and #2= $44,599.50

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.

47. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made

by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

48. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

49. At the times mentioned, individual Defendants JOSE A. VEGA and REYNER VEGA CONDE were the owners/officers and managers of UNION SECURITY. Defendants JOSE A. VEGA and REYNER VEGA CONDE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of UNION SECURITY in relation to its employees, including Plaintiff and others similarly situated. Defendants JOSE A. VEGA and REYNER VEGA CONDE had financial and operational control of the corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

50. Defendants UNION SECURITY and JOSE A. VEGA and REYNER VEGA CONDE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

51. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

   A. Enter judgment for Plaintiff ALEXIS LICEA and other similarly situated individuals and against the Defendants UNION SECURITY, JOSE A. VEGA, and REYNER VEGA CONDE, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

   B. Award Plaintiff ALEXIS LICEA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

   E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ALEXIS LICEA demands trial by a jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTSS

52. Plaintiff ALEXIS LICEA re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

53. Defendant UNION SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Upon information and belief, the annual gross revenue of the Employer/Defendants was in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

54. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce.

55. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

56. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

57. Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE employed Plaintiff ALEXIS LICEA as a non-exempted, full time, hourly, security employee, approximately from February 2, 2018, to February 14, 2020 or 106 weeks.

58. The Plaintiff wage-rate was $11.00 an hour. Plaintiff overtime rate should be $16.50 an hour.

59. During his time of employment with Defendants, the Plaintiff was misclassified as an independent contractor. However, Plaintiff ALEXIS LICEA was an employee of UNION SECURITY, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers

of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

60. The Plaintiff worked 5 or 6 days per week, an average of 17 hours daily. Usually, Plaintiff worked from 6:00 AM to 11:00 PM (17 hours weekly). In weeks or 5 days, Plaintiff worked up to 85 hours weekly, and in weeks of 6 days, Plaintiff completed up to 102 working hours per week.

61. Plaintiff did not clock-in and out personally, because the manager of every Presidente Supermarket clocked in and out Plaintiff. As a result of this practice, the Plaintiff's timecard always was punched late, resulting in a minimum of 1 unpaid off-the-clock working hour per week.

62. Defendants failed to credit the Plaintiff for every hour worked, including off-the-clock hours, and travel time.

63. The Plaintiff worked many hours in excess of 40, but he was not paid for all his overtime hours as required by law.

64. Therefore, during the relevant period of time Defendants misclassified Plaintiff and willfully failed to pay him overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

65. Every week, the Plaintiff was paid for a different number of hours, and every week he had missing payment for overtime hours. The Plaintiff was not paid for all his overtime hours.

66. The Plaintiff was not in agreement with the lack of payment for all his overtime hours and in December 2019, Plaintiff complained to the owner of the business JOSE A. VEGA. The

Plaintiff requested to be compensated for all his overtime hours. Defendant JOSE A. VEGA answered: "If you don't like it, you can go".

67. This complaint constituted protected activity under the Fair Labor Standards Act.

68. On or about February 5, 2020, the Plaintiff complained again to the owner of the business JOSE A. VEGA, Plaintiff requested to be paid overtime hours.

69. This complaint constituted protected activity under the Fair Labor Standards Act.

70. As a result, on February 5, 2020, the owner of the business, JOSE A. VEGA fired Plaintiff. JOSE A. VEGA told Plaintiff to work one more week, and not to come to work anymore. The Plaintiff's working hours were immediately reduced and Plaintiff's last day of work was February 14, 2020.

71. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

72. There is proximity between Plaintiff's protected activity and his termination.

73. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

74. At the times mentioned, individual Defendants JOSE A. VEGA and REYNER VEGA CONDE were the owners/officers and managers of UNION SECURITY. Defendants JOSE A. VEGA and REYNER VEGA CONDE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of UNION SECURITY in relation to its employees, including Plaintiff and others similarly situated. Defendants JOSE A. VEGA and REYNER VEGA CONDE had financial and operational

control of the corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

75. Plaintiff ALEXIS LICEA seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

76. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALEXIS LICEA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants UNION SECURITY, JOSE A. VEGA, and REYNIER VEGA CONDE to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ALEXIS LICEA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ALEXIS LICEA demands trial by a jury of all issues triable as of right by a jury.

Dated: April 13, 2020

>Respectfully submitted,
>
>By: __/s/ **Zandro E. Palma**__
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile: (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*