UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-21566-UU

ALEXIS LICEA
and other similarly-situated individuals,

    Plaintiff (s),

v.

UNION SECURITY SAFETY, CORP,
JOSE A. VEGA CAMPOS and
REYNIER VEGA CONDE, individually,

    Defendants,
_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

Plaintiff ALEXIS LICEA by and through undersigned counsel, pursuant to this Court's Order Dated May 14, 2020 [D.E. 16]; the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants, UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE and states:

1. On or about April 14, 2020, Plaintiff brought the above titled action against the Defendants, UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE to recover overtime compensation, liquidated damages, retaliatory damages and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 5].

2. On or about April 20, 2020, the Summons(es) and Complaint in this cause were duly served, upon the Defendants UNION SECURITY SAFETY, CORP, JOSE A. VEGA,

and REYNIER VEGA CONDE. Accordingly, Defendants' Answers were due on or before May 11, 2020.

3. As of this date, Defendants UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE have failed to respond the Complaint.

4. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

5. The Defendant, UNION SECURITY SAFETY, CORP, cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764* F.2d 1381 (11th Cir. *1985).*

6. A Clerk's Default [D.E. 15] was entered on May 14, 2020 against Defendants UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE.

7. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

8. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

9. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

10. Moreover, Section  29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

11. In support of the damages alleged in the Complaint, the Plaintiff, ALEXIS LICEA has submitted evidence in the form of an Affidavit [Exhibit "A"].

12. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

13. Defendant failed to pay Plaintiff at least $44,599.50 during the period of time in which Plaintiff was working for Defendant, which well within the statute of limitations provided for under the FLSA as a matter of law. Plaintiff seeks to recover back pay in the amount of $19,600.00, liquidated damages in the amount of $64,199.50; as well as attorney fees ($5,625.00) and costs ($545.00), for a total amount of $134,569.00 as judgment against Defendants.

14. Plaintiff claims judgment by default for failure of Defendants UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE to file or serve any papers in the action or otherwise plead.

## MEMORNDUM OF LAW

**A. Service of Process**

Pursuant to Fed. R. Civ. P. 4(e), Plaintiff can effect service on an individual in any judicial district of the United States by adhering to either 1) the law of the state in which the district court is located, or in which service is effected, or 2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's dwelling house with some person of suitable age or discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. With respect to service on a corporate defendant, service must be had in a judicial district of the United States by either following the state law or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h). Pursuant to Florida stature 48.062 (4), "If the address provided for the registered agent, member, or manager is a residence or private mailbox, service on the limited liability company, domestic or foreign, may be made by serving the registered agent, member, or manager in accordance with s. 48.031"

According to the proof of service filed in this matter, the Complaint was duly served personally upon Defendants JOSE A. VEGA, and REYNIER VEGA CONDE at the address obtained from the division of corporations [see attached Exhibit B – Affidavits of service for Defendants JOSE A. VEGA, and REYNIER VEGA CONDE]. With respect to service on a corporate defendant, since the corporate Defendant's registered agent has a residence address, the Complaint was duly served in compliance with Florida Statute 48.062(4) [see attached Exhibit C - Affidavit of service].

### B. Proof of Liability

Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a Plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a).

The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim under the FLSA, the plaintiff must establish: (1) that the plaintiff was employed by Defendant during the time period involved; (2) that plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of good for commerce; and (3) that defendant failed to pay the proper compensation as required by law. See *Eleventh Circuit Pattern Jury Instructions – Civil 1.7.1 (2005)*.

The FLSA requires an employer, as defined in the Act, to pay not less than the applicable minimum wage for each hour worked and overtime wages at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours in a work week. 29 U.S.C. §§ 206 and 207(a)(1). The employee may bring a cause of action for payment of unpaid applicable minimum wages and overtime wages that are due, an equal amount of liquidated damages, and shall also be entitled to reasonable attorney's fees and costs. 29 U.S.C. §216(b). Also, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal marks omitted); *see also* 29 U.S.C. §203(d).

In the instant case, Plaintiff's First Amended Complaint [D.E. 5] contains all of the allegations required to state a claim for liability and entitlement to damages under the FLSA.

Specifically, Plaintiff alleges that he was employed by Defendants during the relevant time period. [D.E. 5 at ¶¶ 8, 32, 57]. He further identifies the basis of the Court's jurisdiction – 29 U.S.C. § 201-219, and alleges that he worked in interstate commerce and that Defendants were employers and an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(d), 203(r) and 203(s). [D.E. 5 at ¶¶ 3,4,10,11,30,31,49 and 53]. Plaintiff alleges that he was a security employee, and his duties included, but were not limited to, perform security services to enterprises engaged in interstate commerce [D.E. 5 at ¶¶ 31, 33, 46 and Exhibit A – Affidavit at ¶¶ 13 and 15]. In Count I of the First Amended Complaint, Plaintiff alleges that he was a non-exempt employee and was paid at his regular rate for some overtime hours. However, there are a substantial amount of overtime hours not paid at all [D.E. 5 ¶¶ 32, 33, 37 and Exhibit A - Affidavit at ¶¶ 6]. In addition, the First Amended Complaint alleges that Defendants' actions were willful, necessitating a three-year statute of limitations in this matter [D.E. 5 at ¶¶ 21,40,50 and 64].

Additionally, in Count II of the First Amended Complaint [D.E. 5], Plaintiff alleges retaliation in violation of the FLSA. In order to show a prima facie case for retaliation, a plaintiff must adequately plead: (1) he engaged in activity protected under the FLSA, (2) he subsequently suffered an adverse/action by the employer, (3) a causal connection existed between his protected activity and the adverse action by the employer. *Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000*).* Here, Plaintiff pleads that he was discharged in direct response to his complains about missing overtime payment, by complaining, plaintiff engaged in protected activity [D.E. 5 at ¶¶ 66,67, 68, and 69 and Exhibit A- Affidavit at ¶ 22 and 23]. Plaintiff suffered an adverse employment action, his termination from employment, as a direct result of seeking proper payment under the FLSA. [D.E. 5 at ¶¶ 70 and Exhibit A- Affidavit at

¶23]. Plaintiff further pleads that his discharge was in direct response to him requesting overtime payment, a protected activity under 29 U.S.C. §215(a). [D.E. 5, ¶¶ 71, 72 and 73]. As a result, plaintiff was terminated from his employment and the proximate cause of the termination was that he engaged in the protected activity [D.E. 5, ¶¶ 72]. Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The First Amended Complaint also seeks relief for the damages incurred and demands judgment against Defendants [D.E. 5 at ¶¶ 6, 26, 29, 75 and "Wherefore" clauses]. As such, the First Amended Complaint states a claim for the relief requested.

In addition, Plaintiff also pleads an adequate claim for individual liability against the individual Defendants JOSE A. VEGA and REYNIER VEGA CONDE, as JOSE A. VEGA, and REYNIER VEGA CONDE are alleged to at all times material hereto, were the owners/partners and managers of UNION SECURITY SAFETY, CORP, and regularly exercised the authority to: (a) hire and fire employees of UNION SECURITY SAFETY, CORP; (b) determine the work schedules for the employees of UNION SECURITY SAFETY, CORP; and (c) control the finances and operations of UNION SECURITY SAFETY, CORP [D.E. 5 at ¶¶ 10 and Exhibit A - Affidavit at ¶¶ 7 and 9].

Courts in this Circuit may examine several factors to determine whether the defendant is an "employer," including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employees' work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment

records." *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997); *Kendrick v. Eagle International Group, LLC*, 2011 WL 1326830, *2-3 (S.D. Fla. April 4, 2011) (holding that the individual defendant was individual employer as a matter of law in part because the individual "oversaw the day to day operations of [the Company], which included hiring and firing Plaintiff, supervising her weekly work progress, resolving any work-related problems that arose in Plaintiff's day-to-day duties…" and determining that such duties established the individual's involvement in the day-to-day operations of the company, and his responsibilities directly supervising Plaintiff, such that summary judgment was appropriate). As such, the Complaint states a claim for relief against Defendants JOSE A. VEGA and REYNIER VEGA CONDE, individually.

Where, as here, a clerk's default has been entered, the defaulting defendant is deemed to have admitted the well-pleaded allegations of fact in the complaint. *See Art Schmidlin v. Apex Mortgage Services, LLC v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."); *Tyco Fire & Sec. LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Accordingly, because the First Amended Complaint clearly states a claim under the FLSA, and this Court must deem the well-pled allegations of the First Amended Complaint as admitted; Plaintiff has established his entitlement to default judgment as to liability in this matter.

### C. Establishing Damages

In addition, Plaintiff has also sufficiently articulated the damages to which he is entitled. Specifically, Plaintiff files herewith an affidavit in support of his Motion for Entry of Default

Final Judgment containing reasonable approximations of his damages for unpaid overtime wages and retaliation damages. See Exhibit A – Affidavit of Amount of Indebtedness, attached thereto. These calculations are based upon his reasonable recollection of his schedule throughout his employment. Plaintiff is not able to rely on any time or payroll records because he never received any from Defendant [D.E. 5 at ¶¶ 22 and Affidavit at ¶ 20].

In making a motion for final default judgment, plaintiffs may, and routinely do, establish the amount of their damages by affidavit. See, e.g., Edenfield v. Crib 4 Life, et al., No. 6:13-cv-00319-CEH-KRS at D.E. 32, pp. 5-6 (M.D. Fla. March 10, 2014) (citing Etienne v. Inter-Cnty. Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999)) (awarding damages requested in affidavit where defendant failed to disprove alleged damages). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. S.E.C. v. Smyth, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)); *Taverna Opa Trademark Corp. v. Ismail*, No. 08-20776, 2010 U.S. Dist. LEXIS 53606, 2010 WL 1838384, at *2 (S.D. Fla. May 6, 2010) (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). Affidavits based on personal knowledge can be sufficient to establish damages. *See Salam Jeans Ltd. v. Fortune Swimwear, LLC*, No. 07-21603, 2010 U.S. Dist. LEXIS 30140, 2010 WL 1331226, at *2 (S.D. Fla. Mar. 3, 2010) (citing *Shandong Airlines Co., Ltd. v. Capt, LLC*, 650 F. Supp. 2d 1202, 1207 (M.D. Fla. 2009)).

Here, Plaintiff has no records because Defendants failed in their obligation to maintain same. [D.E. 5 at ¶ 20, 22, 44 and Exhibit A - Affidavit at ¶¶ 20 and 21]. Here, where the Defendants did not even respond to the First Amended Complaint, Plaintiff's affidavit stating his reasonable

recollection based upon his schedule are the best evidence of hours worked and amounts paid and should be credited to establish damages.

According to Plaintiff's affidavit, he seeks the amount of $44,599.50 in unpaid overtime wages [see D.E. 5 at ¶¶ 46 and Exhibit A - Affidavit at ¶¶ 24].

In Count II of Plaintiff's Complaint [D.E. 5], Plaintiff alleges retaliation in violation of the FLSA. In order to show a prima facie case for retaliation, a plaintiff must adequately plead: (1) he engaged in activity protected under the FLSA, (2) he subsequently suffered an adverse/action by the employer, (3) a causal connection existed between his protected activity and the adverse action by the employer. *Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000*).* Here, Plaintiff pleads that he was discharged in direct response to his complains about missing overtime payment, by complaining, plaintiff engaged in protected activity [D.E. 5 at ¶¶ 66, 68 and 69 and Exhibit A- Affidavit at ¶ 22 and 23]. Plaintiff suffered an adverse employment action, his termination from employment, as a direct result of seeking proper payment under the FLSA. [D.E. 5 at ¶ 73 and Exhibit A- Affidavit at ¶ 26]. Plaintiff further pleads that his discharge was in direct response to him requesting overtime payment, a protected activity under 29 U.S.C. §215(a). [D.E. 5, ¶¶ 68, 69, 70, and 73]. As a result, plaintiff was terminated from his employment and the proximate cause of the termination was that he engaged in the protected activity [D.E. 5, ¶ 73].

Upon establishing a claim for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), an employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff seeks $19,600.00 in back pay damages. In

determining the amount of back pay due, Plaintiff has a duty to mitigate his damages, and it is proper to deduct Plaintiff's subsequent earnings from his lost wages. *See, e.g., Nord v. U.S. Steel Corp., 758 F.2d 1462, 1471-72 (11th Cir. 1988)* (district court erred in failing to deduct interim earnings from back pay award under Title VII). After his termination, Plaintiff "immediately started looking for a job". However, Plaintiff has not been able to find one [see Exhibit A-Affidavit at ¶ 27].

Had Plaintiff been making $1,182.00 per week since February 2, 2018 to February 14, 2020, at his former job, he would have earned $19,600.00 ($1,182.00 x 14 weeks = $19,600.00). Thus, since February 15, 2020, Plaintiff earned $19,600.00 less due to his termination. Had Plaintiff not been retaliated against and continued his employment during that time period, he would have been paid approximately $19,600.00 ($1,182.00 x 14 weeks = $19,600.00). Therefore, Plaintiff requests an award of $19,600.00 in back pay damages [see Exhibit A-Affidavit at ¶ 28].

In addition, an employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. See Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987). In this case, Defendants failed to meet its burden to oppose the imposition of liquidated damages, and therefore liquidated damages must also be awarded.

### D. Attorney's Fees and Costs

The FLSA provides that the Plaintiffs are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 15.00 hours pursuing Plaintiff's claims against Defendants. [*See* Zandro Palma's Affidavit at ¶ 12; Exhibit D]. Plaintiff is requesting a reasonably hourly rate of $375.00 for Mr. Zandro E. Palma, Esq (a total amount of $5,625.00 in attorney's fees).

Mr. Zandro E. Palma, Esq hourly rate of $375.00 has been consistently approved and deemed reasonable by Courts in the Southern and Middle District of Florida. *See Abreu v. Free Flow Constr., Inc.*, Case No. 18-20244, 2018 WL 6492904, at *1 (S.D. Fla. Oct. 30, 2018) (adopting Report and Recommendation recommending that Zandro E. Palma, Esq.'s requested rate of $375 was reasonable); *see also Ruiz, et. Al. v. Global Fish Handlers, Corp., et al.*, Case No. 1:16-cv-25205-JEM, [D.E.#65], (S.D. Fla. April 4, 2019) ("This Court has previously awarded Mr. Palma attorney's fees at a rate of $375 per hour. The Court finds that $375 is a reasonable hourly rate for Mr. Palma.")

The law firm of Zandro E. Palma, P.A. has also expended $545.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 18; Exhibit D). As such, the attorney fees and costs for prosecution of Plaintiff's claims against UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE amounts to $6,170.00 ($5,625.00 + $545.00).

## **CONCLUSION**

WHEREFORE, Plaintiff humbly requests that this Honorable Court enter default judgments against all Defendants, UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE, jointly and severally, in favor of the Plaintiff and Counsel in the following amounts:

a) Plaintiff ALEXIS LICEA for $128,399.00, which represents $44,599.50 for unpaid overtime; $19,600.00 for back wages and $64,199.50 for liquidated damages;

b) Zandro E. Palma, P.A. for attorney's fees in the amount of $5,625.00 and costs in the amount of $545.00, for a total of $6,170.00, as the prevailing party under the FLSA.

Dated: May 22, 2020.

Respectfully submitted,
ZANDRO E. PALMA, ESQ.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
*Attorney for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              By: /s/ Zandro E. Palma\_\_\_\_
              Zandro E. Palma, Esq.
              Florida Bar No.: 0024031
              zep@thepalmalawgroup.com
              ZANDRO E. PALMA, P.A.
              9100 South Dadeland Boulevard
              Suite 1500
              Miami, Florida 33156
              Telephone: (305) 446-1500
              Facsimile: (305) 446-1502
              *Attorney for Plaintiff*

**SERVICE LIST**
**CASE NO: 1:20-cv-21566-UU**

UNION SECURITY SAFETY, CORP,
Through Its Registered Agent
VEGA, JOSE Antonio
3091 NW 95TH TERR
MIAMI, FL 33147

JOSE A. VEGA
3091 NW 95TH TERR
MIAMI, FL 33147

REYNIER VEGA CONDE
3091 NW 95TH TERR
MIAMI, FL 33147

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-21566-UU

ALEXIS LICEA
and other similarly-situated individuals,

    Plaintiff (s),

v.

UNION SECURITY SAFETY, CORP,
JOSE A. VEGA CAMPOS and
REYNIER VEGA CONDE, individually,

    Defendants,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

**THIS CAUSE** is before the Court upon the separately entered Order Granting Plaintiff's Motion for Default Judgment [DE ___ ]. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff ALEXIS LICEA, against Defendants UNION SECURITY SAFETY, CORP, JOSE A. VEGA, and REYNIER VEGA CONDE.

2. Plaintiff ALEXIS LICEA shall recover from Defendants $128,399.00, which represents $44,599.50 for unpaid overtime; $19,600.00 for back wages and $64,199.50 in liquidated damages.

3. Plaintiff' Counsel, Zandro E. Palma, Esq., shall receive $5,625.00 in attorney's fees and $545.00 in costs from Defendants.

4. This Judgment shall bear interest at the rate of 0.13% interest per annum from today, for which let execution issue forthwith.

5. All other pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

DONE AND ORDERED in Chambers at Miami, Florida, this ___day of_____, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided to:
All parties and counsel of Record